[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13380
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cv-00724-AKK

DAVID JOHNSON CONSTRUCTION CO., INC.,
d.b.a Johnson Heating and Cooling,

Plaintiff-Appellant,

versus

CLEARING CONSULTING, INC.,
d.b.a. CLEAResult,
TENNESSEE VALLEY AUTHORITY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 16, 2018)

Before TJOFLAT, JULIE CARNES and HULL, Circuit Judges.

PER CURIAM:

This case arises from the proposed suspension of David Johnson Construction Company ("Plaintiff") from a list of contractors affiliated with the Tennessee Valley Authority ("TVA").

Certain qualified contractors are listed on TVA's Quality Contractor Network ("QCN") as part of the "EnergyRight" program offered by the TVA and administered by Clearesult Consulting, Inc. ("Clearesult").  Plaintiff has been a listed contractor for over three decades.  After a complaint against Plaintiff by another contractor, Clearesult informed Plaintiff it would be removed from the QCN for one year.  Plaintiff filed suit in Alabama state court, seeking to enjoin its suspension.  After removal to federal court, Defendants moved to dismiss the suit for failure to state a claim.  The District Court granted the motion and dismissed the suit.  Plaintiff then moved to alter, amend or vacate the order of dismissal and for leave to amend its complaint.  The District Court denied the motion, and Plaintiff appealed.

On appeal, we must decide whether the District Court abused its discretion in denying (1) Plaintiff's Motion to Alter, Amend, or Vacate the Court's Order of Dismissal or (2) Plaintiff's Motion for Leave to File an Amended Complaint.  We find no abuse of discretion in the former, and therefore necessarily find none in the latter.  Accordingly, we affirm.

I.

2

David Johnson Construction Company ("Plaintiff") provides "heating and cooling [services] to customers in Northeast Alabama."  Plaintiff has "participa[ted] in and qualified as a contractor in the Quality Contract Network ("QCN") through the 'EnergyRight' program offered by" the Tennessee Valley Authority ("TVA") for 37 years.  Clearesult Consulting Inc. ("Clearesult") administers the "EnergyRight" program and oversees QCN contractors in Northeast Alabama on TVA's behalf.

In October 2016, Plaintiff met with TVA and Clearesult representatives to discuss a complaint lodged against Plaintiff by another contractor.  On November 21, Clearesult informed Plaintiff, by letter, that it "would be removed from the QCN network for a period of one year beginning December 6, 2016."

On December 6, 2016, Plaintiff filed suit and moved for a TRO against Clearesult in Alabama state court, seeking to enjoin Clearesult from suspending Plaintiff from the QCN.  The court ordered the TRO.  Because Plaintiff failed to name TVA as a defendant, the court extended the TRO to allow Plaintiff to amend its pleading to "add all necessary parties including [TVA]."

On April 11, 2017, Plaintiff filed its Second Amended Complaint and moved for a preliminary injunction, adding TVA as a party.  The complaint alleged that the Plaintiff "ha[d] obtained a property right to participate in the 'EnergyRight' program as a QCN contractor"; that Defendants' proposed suspension of the

Plaintiff from the QCN was "arbitrary, capricious and without justification," causing "harm to the Plaintiff's business" and "damage to the Plaintiff's reputation"; and that "[a] substantial portion of the Plaintiff's gross revenue is derived from participation in the QCN."

TVA removed the action to federal court and moved to dismiss[1] Plaintiff's complaint for failure to state a claim upon which relief may be granted, arguing, *inter alia*, that "Plaintiff's desire to continue its participation in the [QCN] is not a constitutionally protected property right." Fed. R. Civ. P. 12(b)(6). Plaintiff responded, arguing that the proposed suspension from the QCN would violate Plaintiff's constitutionally protected liberty interest "in maintaining a good business reputation," and that "government action that accuses a person of dishonesty or immorality requires the full protection of due process."

Plaintiff also moved for leave to amend its complaint to additionally allege "that the Defendants' decision to suspend the Plaintiff from the QCN program was in violation of Plaintiffs' [sic] due process liberty right under the 5th amendment."[2] TVA opposed the motion, arguing that Plaintiff's proposed amended complaint failed to plead a due process liberty claim because it "contain[ed] no allegation of a 'false or defamatory' communication made by TVA."

---

[1] Clearesult joined TVA's motion to dismiss.

[2] Besides the addition of paragraph 9 in the proposed amended complaint, quoted above, the two complaints are substantially identical.

4

On May 31, 2017, the District Court entered an order granting TVA's motion to dismiss and denying Plaintiff's motion for leave to amend. The Court concluded that, even with the allegations contained in the proposed amended complaint, Plaintiff failed to plead facts sufficient to state a claim. Specifically, the Court found that "the pleadings contained no "factual allegations showing defamation[,]" a requirement for Plaintiff's newly asserted due process claim for violation of a liberty interest, and therefore "the amendment would be futile."

Plaintiff then filed a Motion to Alter, Amend, or Vacate under Federal Rule of Civil Procedure 59(e), and For Leave to File an Amended Complaint under Rule 15(a). The Court denied the motion, first explaining that "[a]fter the dismissal of a complaint and entry of final judgment [Rule] 15(a) does not apply; the plaintiff who seeks leave to amend must do so [via] Rule 59(e)." The Court then denied Plaintiff's request for relief under Rule 59(e) because it failed to "reference any newly-discovered evidence and [sought] merely to supplement claims the court previously found to be insufficiently pleaded or to add new claims that could have been raised prior to the entry of judgment."

## II.

Plaintiff now appeals the District Court's Order denying Plaintiff's Motion to Alter, Amend or Vacate and For Leave to File an Amended Complaint.

5

We review both denials for abuse of discretion.  *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1343 n.20 (11th Cir. 2010).  "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in marking the determination, or makes findings of fact that are clearly erroneous." *U.S. v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015) (citation omitted).

### A.

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Rule 59(e) motions may only be granted based on "newly-discovered evidence or manifest errors of law or fact" and "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Jacobs*, 626 F.3d at 1344 (quotation marks and citations omitted).

Plaintiff's motion did not even purport to put forth any newly-discovered evidence or to allege manifest errors of law or fact by the District Court.  Instead, it argued that the Court should vacate its prior judgment because Plaintiff's "Fourth Amended Complaint, attached [to the motion], resolves the shortcoming [of its previous complaints and motions] and alleges abundant factual content under

which th[e] Court could find the defendants liable." [3]  Essentially, Plaintiff's

motion "did nothing but ask the district court to reexamine an unfavorable ruling."

*Id.*

Thus, we cannot say the District Court abused its discretion in denying

Plaintiff's motion because it failed to "reference any newly-discovered evidence"

and sought "merely to supplement claims the court previously found to be

insufficiently pleaded or to add new claims that could have been raised prior to the

entry of judgment."  Accordingly, we affirm.

### B.

As for Plaintiff's Motion for Leave to Amend its complaint under Federal

Rule of Civil Procedure 15(a)(2),[4] that rule "governs amendment of pleadings

*before* judgment is entered; it has no application *after* judgment is entered."

*Jacobs*, 626 F.3d at 1344.  "[Rule] 15(a) has no application once the district court

has dismissed the complaint and entered final judgment for the defendant.  Post-

---

[3] On appeal, Plaintiff merely repeats this assertion, arguing that that its proposed Fourth Amended Complaint "sufficiently stated facts . . . to state a claim against TVA and/or Clearesult upon which relief can be granted."  Plaintiff also argues that its "initial Complaint against Clearesult, and the amendment adding TVA as a party, sets out a factual basis for [sic] claim of defamation."  Then Plaintiff sets out the pleading standard from *Twombly* and *Iqbal*, without explicating how or why its pleadings meet that standard.  Regardless, because the District Court's ruling on the Rule 59(e) motion was not an abuse of discretion, we need not reach the question of whether Plaintiff's complaints state a legally cognizable claim.

[4] That rule reads in its entirety: "*Other Amendments.* In all other cases [besides amendment as a matter of course under 15(a)(1)], a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).

judgment, the plaintiff may seek leave to amend if he is granted relief under Rule 59(e) . . . ."  *Id.* at 1344–45 (citations omitted) (brackets original).

The District Court dismissed Plaintiff's complaint for failure to state a claim and entered judgment prior to Plaintiff filing the motion for leave to amend at issue.  And as explained above, the Court properly denied Plaintiff's request for relief under Rule 59(e).  Thus, we cannot say the District Court abused its discretion in denying Plaintiff leave to amend its complaint post-judgment.

### III.

For the foregoing reasons, the judgment of the District Court is

**AFFIRMED.**